UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Wilmer Paul Supliguicha Merchan

      v.                                                   Civil No. 1:26-cv-219-SE-TSM

US Immigration and Customs
Enforcement and Removal Operations,
Field Office Director, et al.


O R D E R

Wilmer Paul Supliguicha Merchan, a citizen of Ecuador currently detained at Federal

Correctional Institution, Berlin, filed a petition for a writ of habeas corpus under 28 U.S.C. §

2241, contesting his detention, challenging the constitutional adequacy of his bond hearing

before an immigration judge (IJ), and requesting immediate release from custody. Doc. no. 1.

The respondents oppose the petition. Doc. no. 6. Supliguicha Merchan makes additional

arguments by way of reply. Doc. no. 7. At this time, the court addresses only Supliguicha

Merchan's claim that his September 30, 2025 bond hearing was constitutionally inadequate.

At Supliguicha Merchan's September 30, 2025 bond hearing, the IJ denied bond and

issued a written order stating only that "[Supliguicha Merchan] is a danger to the community."

Doc. no. 6-1 at 2. Under Hernandez-Lara v. Lyons, to justify continued detention under 8 U.S.C.

1226(a), "due process requires the government to either (1) prove by clear and convincing

evidence that [a detained noncitizen] poses a danger to the community or (2) prove by a

preponderance of the evidence that [he] poses a flight risk." 10 F.4th 19, 41 (1st Cir. 2021).

Given the posture of this case, in which it appears that the IJ held a bond hearing without court

intervention, the court assumes that the hearing was pursuant to § 1226(a) and therefore

Hernandez-Lara governs. The IJ's written order, however, does not demonstrate to what degree

of certainty she found that Supliguicha Merchan was a danger, so the court cannot determine

whether his bond hearing was constitutionally adequate, or, absent any reasoning at all, whether

the IJ's decision was supported by substantial evidence of dangerousness. See Motylev v.

Strafford Cnty. Dep't of Corr., No. 26-cv-103, Dkt. No. 14 (D.N.H. Aug. 5, 2026); Singh v.

Strafford Cnty. Dep't of Corr., No. 1:25-CV-268-SE-TSM, 2026 WL 2070274, at *2 (D.N.H.

July 17, 2026).

The court therefore orders the respondents to provide the petitioner with a new bond

hearing before an IJ as soon as practicable at which the respondents will bear the burden of

proving either that Supliguicha Merchan is a flight risk by a preponderance of the evidence or

that he is dangerous by clear and convincing evidence. The respondents shall provide a status

report within seven days, on or before August 13, 2026.

SO ORDERED.

Samantha D. Elliott
United States District Judge

August 6, 2026

cc:     Counsel of record.

2